THE STATE, CHARLES MORAN ET AL., PROSECUTORS, v. THE MAYOR AND ALDERMEN OF JERSEY CITY.

1.  Under the city charter of Jersey City (*Pamph. L.* 1871, *p.* 1094), the commissioners of assessment, in making a final assessment for the cost and expense of filling, grading, flagging and draining a street against lands specially benefited, are not bound to conform to the amount of assessments or to the proportions as contained in the preliminary assessment made in anticipation of the improvement.

2.  As against the formal report of the commissioners of special benefits, clear proof of great force is required to justify the court in concluding that the assessment is erroneous. The assessment cannot be interfered with unless the evidence against it be such as clearly carries conviction that it is wrong and that injustice has been done.

On *certiorari* to review final assessment.

Argued at February Term, 1895, before Justices DIXON and LIPPINCOTT.

For the prosecutors, *Gilbert Collins.*

For the defendants, *Spencer Weart.*

The opinion of the court was delivered by

LIPPINCOTT, J. This writ brings up for review the final assessment of benefits against the lands of the prosecutors for filling, grading, flagging and draining Germania avenue, in the city of Jersey City, from the northerly line of Thorne street to the southerly line of Carlton avenue.

The commissioners, in their report, have ascertained and determined the total cost of the improvement to be the sum of $24,423.94, and that this total exceeds the aggregate of the amount of the assessable benefits by the sum of $7,593.94, which latter sum is to be borne by the city at large and paid by general taxation, and that the lots and parcels of land specially benefited are only benefited in the aggregate to the amount of $16,830, which they have assessed upon the lots and parcels of land so benefited in proportion to the benefit received by each.

Mr. Moran, one of the prosecutors for Plot 1, Block 925, which lies on the easterly side of Germania avenue, just south of Thorne street, adjoining Thorne street, being a plot having a frontage on Germania avenue of two hundred and twenty-five feet by one hundred feet deep, is assessed at the rate of $100 a lot; also Plot 1, Block 926, belonging to him on the westerly side of Germania avenue, running from Thorne street, southerly, two hundred and twenty-five feet frontage by one hundred feet deep, is assessed at the rate of $90 per lot.

Lots owned by others to the south on the easterly side of Germania avenue, in Block 925, to within one hundred feet of Lincoln street, are assessed at a somewhat higher rate, from $100 to $105 per lot. Lots on the westerly side, in Block 926, are assessed from $90 to $105 per lot, to within one hundred feet of Thorne street.

Lot on the northwest corner of Germania avenue and Lincoln street is assessed at $325. The lot on the northeast

corner of Germania avenue and Lincoln street is assessed at $200, and the same on the opposite corner. From thence, to Zabriskie street, the lots on the east side are assessed from $60 to $75 per lot. On the west side, at $90 and $100 per lot. The corner lots, at Zabriskie street, one is assessed at $275, the other at $200. The lot on the southerly corner is assessed at $300, having a depth or frontage on Germania avenue of one hundred and twenty-three feet, continuing southerly on Germania avenue. On the west side, lots are assessed all the way from $55 to $100, mostly about $100 per lot. On the easterly side, to Hutton street, of varying depths, they are assessed from $75 to $90 per lot. South of Hutton street, lots on the easterly side are assessed at from $50 to $75 per lot, these lots varying somewhat in width and depth.

Then, again, other property of Moran is reached, and the plot on the easterly side of Germania avenue, having a frontage of four hundred and fifteen feet, is assessed at $1,660, it being nearly seventeen lots, and at a rate a little less than $100 per lot. The rear of this plot is somewhat longer than the frontage. On the westerly side, a plot of Moran, with a frontage of three hundred and sixty-five feet, is assessed at $1,460.22, being fifteen lots at a rate a little less than $100 per lot. These two last-named plots have a frontage on Manhattan avenue. South of Manhattan avenue, on the east side, a plot of Moran, with a frontage of three hundred feet, is assessed at $1,000, or at the rate of $83.33 per lot. On the west side, a plot of Moran, with a frontage of three hundred and fifty-three feet, is assessed at $1,360.22, being fourteen lots at a little less than $100 per lot. These plots have a frontage on Manhattan avenue also.

In these tracts of Moran there are four corners owned by him on Germania avenue and Manhattan avenue, and two corners on Beach street, where Moran's lots end. Each of the corners owned by others on Carlton avenue, twenty-five feet by one hundred feet, are assessed at $200 each.

Mr. Prigge, for Lot 19, in Block 931, is assessed $200.

This is a lot on the northwest corner of Germania avenue and Zabriskie street, and is seventy-eight feet along Germania avenue by twenty-five feet on Zabriskie street.

On the opposite corner, that is, the southeast corner, Prigge's lot is assessed at $300, having a frontage on Germania avenue of one hundred and twenty-three feet and three inches by twenty-five feet on Zabriskie street. Lot 17, Block 931, on the east side of Germania avenue, belonging to Mr. Prigge, is assessed $100, and lots favorably situated on the street twenty-five feet by one hundred feet, belonging to other parties on both sides of him, are assessed at about the same sum.

This presents the general situation and the comparative assessments.

It will be noticed that the assessment is confined to the lots, plots and parcels fronting upon the improved street. But no question is made in this case that the general idea of the assessment is not a proper one. Nor is the area of assessment complained of. There can be no objection to frontage assessment when it properly distributes the benefits among the owners benefited. *Raymond* v. *Rutherford,* 26 *Vroom* 441, and cases there cited.

The first reason considered for setting aside the assessment of the prosecutors is that the final assessment, as made by the commissioners, does not follow the proportions announced to the property-owners by the preliminary assessments as that of the probable assessment for the benefits from the proposed improvement.

It is true that a preliminary assessment was made by the commissioners after the improvement was applied for by the requisite number of property-owners, among whom were the prosecutors, in which it was proposed to assess the whole cost upon the property-owners within the area of the assessments as fixed by the commissioners, and by which the proportion to be paid by each property-owner upon their respective lots or parcels was preliminarily established, and it is true, to a

certain extent, that the proportions thus established were not maintained and adopted when the final assessment was made.

It will be noticed that the *personnel* of the commission was changed before the final assessment was made.

The cost of the improvement exceeded the preliminary assessment, the preliminary assessment being $20,336, all to be assessed on the property-owners benefited. The actual cost of the improvement was $24,423.94, of which the commissioners concluded the sum of $7,593.94 should be borne by the city at large, and the sum of $16,830 assessed upon the property-owners, and the contention is that this sum should be assessed upon the several lots and parcels in the same proportions that the $20,336 was assessed by the preliminary assessment. The preliminary assessment was made before any of the work of the improvement was commenced, and was only an estimate made upon what was perceived on the surface of things, to give the property-owners a general knowledge of the approximate expenses of the improvement, but the cost of the work was increased by unforeseen and unavoidable difficulties in its progress. The work proved to be of a somewhat different character from that anticipated. The preliminary estimate of the expense cannot be allowed to absolutely control the commissioners in their final assessment.

Neither the city charter of Jersey City, nor any other statute authorizing an assessment of this character, provides that the preliminary estimate or assessment shall govern the commissioners in making their final assessment. This may be the case as to the final assessment of the cost of a formal opening of a street, but it is not applicable to an assessment for an improvement of the character now under review. *Pamph. L.* 1871, *p.* 1094. This objection to this assessment cannot prevail.

The other reasons urged by these prosecutors for setting aside these assessments may be grouped together for the purposes of consideration.

They are that the assessments are for a greater amount than the benefits received; that they are unequal and dispropor-

tionately made, and that the commissioners did not adopt a just, uniform and proportional rule of assessment. The result contended for is that the prosecutors are compelled to bear more than their just share of the improvement, or, in other words, they are assessed to a greater amount than the benefits received by them.

The report of the commissioners sets out distinctly "that they have considered that each of the said lots or parcels and the proportion of assessable benefits that each of said lots or parcels were actually benefited by the improvement, and that each were benefited by said improvement to the amount assessed upon it, and that they have assessed each in proportion to the benefit received and no more than it was benefited by the improvement."

As against this official declaration formally made in accordance with the statutes regulating the making of this assessment only clear proof of great force will justify the court in concluding that the assessment is erroneous. The assessment cannot be interfered with unless the evidence against it be such as clearly carries conviction that it is wrong and that an injustice has been done. *Raymond* v. *Rutherford,* 26 *Vroom* 441 ; *Simmons* v. *Passaic, Id.* 485.

A review of the evidence shows very clearly the great difficulties which beset the commissioners in making this assessment, but it does not, in any part, successfully assail and overthrow the judgment of the commissioners. The evidence on the part of the prosecutors, giving full force and effect to it, does not reach this result. It consists mainly in the expression of opinion that the property values have not been enhanced to the amount of the assessment, but these opinions are not at all sustained by the facts stated in any of the evidence. It is needless to state that this evidence is not of the character to induce the court to declare the assessment invalid. Besides, the judgment of the commissioners, as stated in their report, is fully sustained by the evidence on the part of the defendants.

This evidence is not reviewed in detail. The conclusion reached is that this assessment must be affirmed.